IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02112-BNB

QUINN MCKENZIE JEBE,

    Applicant,

v.

PAUL KASTNER, Warden, FTC Oklahoma,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Quinn McKenzie Jebe, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma.  Mr. Jebe filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(ECF No. 16).

    On November 8, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 19) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action.  On November 29, 2012, Respondent filed a preliminary response (ECF No. 24) arguing that this action should be dismissed for failure to exhaust administrative remedies.  On December 26, 2012, Mr. Jebe filed a reply (ECF No. 28); and on January 10, 2013, Respondent filed a surreply and supplement (ECF No. 30) to the preliminary response.

    The Court must construe liberally the filings of Mr. Jebe because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Jebe challenges the calculation of his sentence. He claims he has exhausted administrative remedies. ECF No. 16, attachment 1 at 10. Respondent argues that, contrary to Mr. Jebe's assertions that he exhausted administrative remedies, his claims should be dismissed for failure to do so.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Jebe. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

An inmate has twenty days to appeal to the appropriate regional director and

thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. "An inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

Respondent contends Mr. Jebe submitted a variety of administrative remedy requests pursuant to the BOP's Administrative Remedy Program alleging errors in the calculation of his sentence. *See* ECF No. 24 at 3-4; ECF No. 24, ex. A (Declaration of Christopher B. Synsvoll), attachment 2 (SENTRY database system information on Mr. Jebe's administrative remedy requests, July 20, 2012, to November 2, 2012) at 12-15. He further contends that, despite filing these administrative remedy requests, Mr. Jebe failed to exhaust administrative remedies for any of them. He specifically alleges that

Mr. Jebe's administrative remedy requests have generated four different remedy identification numbers that track all activity on each grievance in the SENTRY database system.  It is unclear which, if any, of the remedy requests are the basis of Mr. Jebe's habeas corpus application because the bulk of his grievances were rejected for technical deficiencies, and the BOP does not retain grievances and responses in such cases.  Rather, the reason for rejection is noted in the BOP's SENTRY database.  *See* ECF No. 24, ex. A at 6, ¶ 21.  The only grievance submitted by Mr. Jebe that was not rejected for technical deficiencies is remedy number 703528-F1, which requested jail time credit.  *Id.*; *see also* ECF No. 24 at 3, n.1; ECF No. 24, ex. A at 5-6, ¶ 18; ECF No. 24, ex. A, attachment 2 at 13.  That request was denied.  ECF No. 24, ex. A at 5-6, ¶ 18.  However, the appeal from the denial of remedy number 703528-F1 was rejected for technical deficiencies.  ECF No. 30 at 2, ¶¶ 5-6.

In any event, Mr. Jebe has not exhausted available remedies for any of the remedy requests.  Among other omissions, he has not submitted a BP-11, or Central Office Appeal, for any of his grievances.

Mr. Jebe contends that exhaustion of BOP administrative remedies is futile.  The exhaustion requirement may be waived if exhaustion would be futile.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  However, the futility exception is narrow. *See id.*  "Futility exists where resort to [administrative] remedies is clearly useless." *DeMoss v. Matrix Absence Mgmt., Inc.*, 438 F. App'x 650, 653 (10th Cir. 2011). Furthermore, "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."  *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005).  The Court is not persuaded by Mr. Jebe's conclusory

assertions that exhaustion of administrative remedies would be futile. The fact that Mr. Jebe has had difficulty complying with the BOP administrative remedy procedure or that he is approaching his release date of March 20, 2013, does not demonstrate that exhaustion of administrative remedies would be futile. Mr. Jebe's argument that there is insufficient time to complete the administrative remedy process presupposes that he could not obtain the relief he seeks at any level of the administrative remedy procedure. However, Mr. Jebe fails to demonstrate that the relief he seeks is not available through the administrative remedy procedure. Therefore, the Court does not agree that exhaustion would be futile.

In conclusion, the Court finds that Mr. Jebe has failed to exhaust administrative remedies for the claims he is raising in this action. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Jebe files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 16) is denied, and the action is dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   23rd   day of    January        , 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court